UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

FRANK CHARLES VAUGHN, III,      )
                                )
       Petitioner,              )
                                )
v.                              )   Case No. 22-CV-0281-CVE-JFJ
                                )
DAVID ROGERS, Warden,[1]        )
                                )
       Respondent.              )

## OPINION AND ORDER

Petitioner Frank Charles Vaughn, III, a self-represented Oklahoma prisoner, petitions for a writ of habeas corpus under 28 U.S.C. § 2254, claiming he is incarcerated in violation of federal law. On consideration of the petition (Dkt. # 1), Vaughn's response to order to show cause (Dkt. # 9), respondent's limited response (Dkt. # 14), the record of state court proceedings, and applicable law, the Court denies the petition.

**I.    Background**

Vaughn seeks federal habeas relief from the judgment entered against him in the District Court of Tulsa County, Case No. YO-2010-24. Dkt. # 1, at 1.[2] In that case, Vaughn pleaded guilty as to two counts of first-degree rape, and the trial court sentenced him, on March 27, 2012, to concurrently serve two 40-year prison terms. Id.; Dkt. ## 14-1, 14-2. Vaughn did not timely seek

---

[1] According to the Oklahoma Department of Corrections website (okoffender.doc.ok.gov), Vaughn presently is incarcerated at the Joseph Harp Correctional Center ("JHCC"). The Court thus substitutes the JHCC's current warden, David Rogers, in place of Steven Harpe as party respondent. FED. R. CIV. P. 25(d); Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. The Clerk of Court shall note on the record this substitution. Further, the Clerk of Court shall update Vaughn's address to: Joseph Harp Correctional Center, PO Box 548, Lexington, OK 73051.

[2] For consistency, the Court's citations refer to the CM/ECF pagination.

to withdraw his plea or otherwise seek direct review through a certiorari appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Dkt. # 1, at 1-2; Dkt. # 14-5, at 3; see Clayton v Jones, 700 F.3d 435, 441 (10th Cir. 2012) (discussing Oklahoma appellate process following guilty plea). On February 28, 2013, Vaughn filed an application in state district court seeking leave to file an out-of-time motion to withdraw his plea. Dkt. # 1, at 2; Dkt. # 14-3. The state district court construed the application as one seeking postconviction relief and denied the application on October 17, 2013. Dkt. # 1, at 3; Dkt. # 14-5.

Over seven years later, on July 7, 2021, Vaughn filed a second application for postconviction relief in state district court. Dkt. # 1, at 3; Dkt. # 14-6. In that application, and in a supplement filed weeks later, Vaughn alleged: (1) that the State of Oklahoma ("the state") lacked jurisdiction to prosecute him for crimes he committed in "lands that are under the exclusive jurisdiction of the United States"; (2) that the state violated his right to due process "when [the] state failed to prove venue and jurisdiction" because the state did not prove that either Vaughn or the victim is Indian; (3) that he was discriminated against on the basis of his race, in violation of the 14th Amendment; and (4) that the state "did not have, nor at any time obtain territorial jurisdiction from the United States Congress or the Creek Nation in regard to [his] case." Dkt. ## 14-6, 14-7. The state district court denied postconviction relief on September 2, 2021, Vaughn filed a postconviction appeal, and the OCCA affirmed the denial of postconviction relief on April 4, 2022. Dkt. ## 14-11, 14-12.

Vaughn filed the instant federal habeas petition on June 30, 2022. He identifies three grounds for relief:

1. "The State of Oklahoma lacked jurisdiction to impose judgment and sentence on this petitioner, due to his native ancestry and the fact that the crime(s) were committed on Indian tribal land(s)";

2. "The state's jurisdiction over Indians, and even non-Indians on Indian territory is in violation of 18 U.S.C. §§ 1152 and 1162"; and

3. "Petitioner need not rely on the McGirt decision, as pointed out in state proceedings, as the right to challenge a state court conviction based on allegation that the crime occurred within the limits of undiminished Indian reservation has been recognized for more than fifty years, see Seymour v. Washington State Penitentiary Superintendent."

Dkt. # 1, at 4, 8-9 (full capitalization omitted).

Vaughn alleges that he exhausted available state remedies as to these claims, as required by 28 U.S.C. § 2254(b)(1)(A), by presenting them to the OCCA through his postconviction appeal. Dkt. # 1, at 13-14. In the section of the petition that informs Vaughn of the one-year statute of limitations in 28 U.S.C. § 2244(d)(1) and asks him to explain the timeliness of the petition, Vaughn states, "I don't believe that on a lack of [j]urisdiction claim that this should apply." Id. at 15-16.

On preliminary review of the petition, the Court found that the petition was subject to summary dismissal for two reasons. First, the Court found that all claims in the petition appeared to be barred by the applicable one-year statute of limitations in 28 U.S.C. § 2244(d)(1). Dkt. # 6, at 3-6. Second, the Court found that the facts alleged in the petition failed to state a claim on which relief could be granted. Id. at 6-7. The Court gave Vaughn an opportunity to demonstrate that the petition should not be dismissed for these reasons and, after considering Vaughn's response, directed respondent to file a limited response addressing whether the petition should be dismissed for these reasons. Id. at 7-8; Dkt. # 9; Dkt. # 10. Respondent's limited response urges dismissal for both reasons that this Court identified in its initial screening order. Dkt. # 14.

## II.    Analysis and conclusion

The parties disagree as to whether the statute of limitations bars Vaughn's claims. Dkt. # 9, generally; Dkt. # 14, at 6-14. State prisoners ordinarily have one year from the date a state criminal judgment becomes final to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A);

3

Gonzalez v. Thaler, 565 U.S. 134, 150 (2012).  In some circumstances, the limitations period commences at some date later than the date the judgment became final through the conclusion of direct review.  28 U.S.C. § 2244(d)(1)(B)-(D).  Regardless of when the limitations period commences, that period is statutorily tolled for "[t]he time during which a properly filed application for [s]tate post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  Id. § 2244(d)(2).  Because the statute of limitations is not jurisdictional, a court may toll the limitations period for equitable reasons, Holland v. Florida, 560 U.S. 631, 645 (2010), or may excuse noncompliance with the limitations period based on "a credible showing of actual innocence," McQuiggin v. Perkins, 569 U.S. 383, 392 (2013).

On the record presented, the Court finds it unnecessary to fully address the parties' arguments as to the timeliness of Vaughn's claims, because his claims clearly lack merit.  See Smith v. Duckworth, 824 F.3d 1233, 1242 (10th Cir. 2016) (explaining that if a "'claim may be disposed of in a straightforward fashion on substantive grounds,' this court retains discretion to bypass the procedural bar and reject the claim on the merits" (quoting Revilla v. Gibson, 283 F.3d 1203, 1210-11 (10th Cir. 2002))).  Each of Vaughn's claims is premised on his position that the state had no jurisdiction to prosecute him for crimes he committed in Indian country.  But Vaughn expressly alleges in his petition that he is "non-Indian" and "White."  Dkt. # 1, at 4.  And the state district court found no evidence that either Vaughn or his victim is Indian.  Dkt. # 14-11, at 2-3; see 28 U.S.C. § 2254(e)(1) (providing factual findings of state court are presumed correct absent clear and convincing evidence to rebut that presumption).  One day before Vaughn filed his petition, the United States Supreme Court addressed "a jurisdictional question about the prosecution of crimes committed by non-Indians against Indians in Indian country." Oklahoma v. Castro-Huerta, 597 U.S. 629, 632 (2022).  The Castro-Huerta Court:  (1) held that "the Federal

4

Government and the State have concurrent jurisdiction to prosecute crimes committed by non-Indians against Indians in Indian country," 597 U.S. at 633; and (2) reaffirmed that "[s]tates have jurisdiction to prosecute crimes committed by non-Indians against non-Indians in Indian country," id. at 637 (citing United States v. McBratney, 104 U.S. 621 (1882)).  Thus, even if Vaughn could rebut the state district court's findings that neither Vaughn nor his victim is Indian, Castro-Huerta precludes relief for Vaughn.  Because Vaughn's claims lack merit, the Court denies the petition as to all claims.  And because reasonable jurists would not debate this Court's disposition of the petition, the Court denies a certificate of appealability.  See 28 U.S.C. § 2253; Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that:

1. the Clerk of Court shall **note** on the record the substitution of David Rogers, Warden, in place of Steven Harpe as party respondent;

2. the Clerk of Court shall **update** the record to show Vaughn's address as:  Joseph Harp Correctional Center, PO Box 548, Lexington, OK 73051;

3. the petition for writ of habeas corpus (Dkt. # 1) is **denied**;

4. a certificate of appealability is **denied**; and

5. a separate judgment shall be entered herewith.

**DATED** this 21st day of July, 2025.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE